UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHERINE LEA STANFIELD,<br><br>               Petitioner,<br><br>   v.<br><br>JANELL CLEMENT,<br><br>               Respondent. | Case No. 4:22-cv-00057-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Katherine Lea Stanfield, through counsel, has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

After a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of first-degree murder. The judgment of conviction was entered on August 2, 2012. Petitioner was sentenced to a unified term of life in prison with ten years fixed. Petitioner pursued a direct appeal as well as state post-conviction relief.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings the following claims: (1) a Confrontation Clause claim based on a pathologist testifying to an opinion based, in part, on evidence prepared by an out-of-court technician; (2) a claim that the trial court failed to properly instruct the jury regarding intent to commit an underlying felony; and (3) an ineffective assistance of counsel claim based on trial counsel's failure to request instructions on lesser included offenses.

Petitioner may proceed on the Petition at this time. The Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

**ORDER**

**IT IS ORDERED:**

1.     The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L.

   LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within 120 days after service of the Petition, Respondent may file either an answer or a pre-answer motion. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

3. If the response to the habeas petition is an answer, Petitioner must file a reply, containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply.

4. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

5. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

DATED:  April 18, 2022

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge