**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHERINE LEA STANFIELD,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>JANELL CLEMENT, Warden,<br><br>        Respondent - Appellee. | No. 25-2607<br><br>D.C. No.<br>4:22-cv-00057-REP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Submitted April 14, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Petitioner-Appellant Katherine Lea Stanfield appeals the district court's

denial of her petition for writ of habeas corpus under 28 U.S.C. § 2254.  We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253.  "We review the district court's

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of [a] § 2254 habeas corpus petition de novo." *Tamplin v. Muniz*, 894 F.3d 1076, 1082 (9th Cir. 2018) (alteration in original) (citation omitted).  We affirm.

In 2015, the Idaho Supreme Court concluded that the admission of Dr. Lucy Rorke-Adams' testimony regarding her technician's statements did not violate the Confrontation Clause.  Stanfield contends that this decision involved an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1).

To assess a claim under § 2254(d)(1), we "first identify the relevant 'clearly established Federal law'" and then determine whether the state court's application of that law was unreasonable.  *Andrew v. White*, 604 U.S. 86, 95 (2025) (quoting 28 U.S.C. § 2254(d)(1)).  "Clearly established" "refers to the holdings . . . of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

The following cases set forth the relevant clearly established federal law at the time of the Idaho Supreme Court's decision.  In *Crawford v. Washington*, the Supreme Court held: "Testimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."  541 U.S. 36, 59 (2004).  In *Davis v. Washington*, the Court applied the "primary purpose" test to determine whether a

statement was testimonial, and it held that a caller's statement to a 911 operator was not testimonial because it was "made . . . under circumstances objectively indicating that the primary purpose . . . [wa]s to enable police assistance to meet an ongoing emergency." 547 U.S. 813, 822, 828, 832 (2006). In *Melendez-Diaz v. Massachusetts*, the Court held that an expert's affidavit declaring that a tested substance was cocaine was testimonial because it was a declaration made for the purpose of establishing a fact at trial. 557 U.S. 305, 311 (2009). In *Bullcoming v. New Mexico*, the Court held that the admission of an expert witness's "surrogate testimony" about a report wholly prepared by a different analyst violated the Confrontation Clause because the testifying analyst "could not convey what [the preparing analyst] knew or observed about the events his certification concerned." 564 U.S. 647, 661 (2011).

In *Williams v. Illinois*, an expert testified at trial regarding a match between the defendant's DNA and a DNA forensic report that was created before the defendant was suspected of the crime for which he was on trial, and the person who prepared the pre-existing report did not testify. 567 U.S. 50, 62, 84–86 (2012) (plurality opinion). The Supreme Court held that the pre-existing report was not testimonial, and therefore, there was no Confrontation Clause violation. *Id.* at 81–82, 86; *id.* at 103–04, 110–12 (Thomas, J., concurring in the judgment). Because there was no majority opinion in *Willliams*, that case does not clearly establish any

25-2607

legal principle beyond the decision as limited to the unique set of facts presented in that case.  *See Smith v. Arizona*, 602 U.S. 779, 788 n.1 (2024) (observing that "no single rationale for affirmance garnered a majority" in *Williams*); *see also Williams*, 567 U.S. at 141 (Kagan, J., dissenting) (opining that "[w]hat comes out of" the Court's fractured decision "is—to be frank—who knows what" because no rationale "commands the support of a majority").

Stanfield concedes that the Idaho Supreme Court correctly identified the legal principle established by these precedents when it explained: "The only consistent requirement that can be distilled from these decisions is that in order for a statement—forensic or otherwise—to be deemed testimonial, it must have been made with a primary objective of creating an evidentiary record to establish or prove a fact at trial."  Stanfield argues only that the Idaho Supreme Court unreasonably applied that principle.  We disagree.

The Idaho Supreme Court concluded that Dr. Rorke-Adams did not rely on the technician's implied assertion that she prepared the slides as Dr. Rorke-Adams instructed because Dr. Rorke-Adams' testimony established she "had personal knowledge that the slides were stained correctly based on her comparison of the slides with [a] control slide."  Even assuming the technician's implied assertion regarding how she prepared the slides was a testimonial statement, this case is meaningfully different from *Bullcoming*.  In *Bullcoming*, the testifying witness had

4

no personal knowledge of the contents of the report at issue, 564 U.S. at 661, but here, Dr. Rorke-Adams had personal knowledge that the slides were prepared correctly. Stanfield does not identify any precedent making clear that a Confrontation Clause violation occurs even when the testifying witness independently verified the out-of-court statement's veracity and therefore did not rely on it.

The Idaho Supreme Court concluded that Dr. Rorke-Adams relied on the technician's labelling of the slides to determine they contained the victim's brain tissue, but the Court concluded that this labelling was done for a "laboratory— rather than trial—purpose" and "thus [was] not testimonial." That was not an unreasonable application of the primary purpose test. The primary purpose test is relatively general, and "the more general the federal rule, the more leeway state courts have in reaching outcomes in case-by-case determinations before their decisions can be fairly labeled unreasonable." *Brown v. Davenport*, 596 U.S. 118, 144 (2022) (citation modified). Further, this case is meaningfully different from *Melendez-Diaz*. Unlike the affidavit at issue in *Melendez-Diaz*, 557 U.S. at 311, the technician's labelling did not report the results of analysis or convey an opinion bearing on an issue to be determined at trial.

**AFFIRMED.**